# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:11-CR-127 |
| | § | Judge Crone |
| JAMES ROMANS (6) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendant's Motion for Change of Venue (Dkt. #299) and Motion to Sever Counts (Dkt. #300). On July 10, 2012, these motions were referred to the undersigned for decision.

On June 8, 2011, Defendant was indicted for the offense of Conspiracy to Possess with the Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. On January 11, 2012, Defendant was charged in a First Superseding Indictment with Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Felon in Possession of a Firearm. On July 5, 2011, Defendant had his arraignment.

As to his venue motion, Defendant asserts that the majority of the facts of this case occurred in the Southern District of Indiana. Defendant argues that the alleged acts of his occurred some 900 miles away from his counsel's office and that the majority of the witnesses are located in the Southern District of Indiana. Defendant requests that at least Counts Five and Six should be transferred.

## MOTION TO TRANSFER VENUE

Rule 21(b) of the Federal Rules of Criminal Procedure states that "for the convenience of the parties and witnesses, and in the interest of justice," the court, upon motion of the defendant, may

"transfer the proceeding or one or more counts, against that defendant to another district." FED. R. CRIM. P. 21(b). The application of Rule 21(b) is a matter of discretion for the trial court. *See United States v. Fagan*, 821 F.2d 1002, 1008 (5th Cir. 1987); *United States v. Walker*, 559 F.2d 365, 372 (5th Cir. 1977); *United States v. Boyer*, No. 4:08-CR-1DPJ-JCS, 2008 WL 4104482, at *1 (S.D. Miss. Aug. 28, 2008). In *Platt v. Minnesota Mining & Mfg. Co.*, the United States Supreme Court identified the following factors for a court to consider when ruling on a Rule 21(b) motion: (1) the residence of an individual defendant; (2) the location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer. 376 U.S. 240, 243-44 (1964); *see also United States v. Morris*, 176 F. Supp. 2d 668, 671-72 (N.D. Tex. 2001). The burden is on the defendant to show that transfer would serve the purpose of the rule but the defendant need not show "truly compelling circumstances." *United States v. Coffee*, 113 F. Supp. 2d 751, 753 (E.D. Pa. 2000). The Court notes that Defendant, in his motion, does not address these factors.

### *Residence of Defendant*

While a defendant does not have a right to be tried in his home district, the *Platt* factors accord some weight to the location of the defendant's residence. *See In re United States*, 273 F.3d 380, 388 (3d Cir. 2001); *Walker*, 559 F.2d at 372; *see also United States v. Hinton*, 268 F. Supp. 728, 731 (E.D. La. 1967). The Government asserts that after his arrest and detention, Defendant is being held in the Eastern District of Texas. Defendant offers no argument to the contrary. Therefore, this factor weighs against transfer.

***Location of Witnesses***

"Under Rule 21(b), the district court is to consider the convenience of the witnesses as well as the convenience of the parties." *United States v. Pry*, 625 F.2d 689, 691 (5th Cir. 1980); *see also Morris*, 176 F. Supp. 2d at 671. Generally, a defendant is required to give "specific examples of witnesses' testimony and their inability to testify because of the location of the trial." *United States v. Spy Factory, Inc.*, 951 F. Supp. 450, 456 (S.D.N.Y. 1997). "The court must rely on 'concrete demonstrations' of the proposed testimony." *United States v. Haley*, 504 F. Supp. 1124, 1126 (E.D. Pa. 1981). Defendant fails to identify a single witness who will be unable to testify at trial in the Eastern District of Texas. *Cf. Morris*, 176 F. Supp. 2d at 673 (indicating twenty-four witnesses as part of defense, most of whom reside outside the district). Defendant only generally mentions unspecified witnesses that will be hindered by traveling to this District from Indiana. Therefore, Defendant's blanket assertion regarding the location of witnesses is insufficient to prove that the location of the necessary and relevant witnesses compels a transfer to the Southern District of Indiana. *See United States v. Noland*, 495 F.2d 529, 534 (5th Cir. 1974) (although defendant alleged out-of-state witnesses would be inconvenienced by a trial in Texas, he "failed to demonstrate facts from which the [Court] could have concluded that the convenience of the witnesses and the interest of justice required transfer"). The Government asserts that twelve of the Government witnesses are located within the Eastern District of Texas. Therefore, this factor is not in favor of transfer.

***Location of Events***

"This factor ensures that the trial is held near where the alleged criminal activity occurred, rather than in a district where venue has a more remote connection to the crime." *Coffee*, 113 F. Supp. 2d at 755-56. Defendant argues that based upon the discovery and investigation, the majority,

if not the entirety, of the facts in this case occurred in the Southern District of Indiana. The Government admits that it is true that Defendant's role in the conspiracy was to distribute the narcotics at their ultimate destination point in Indiana; however, several of the co-conspirators who have not yet pleaded guilty lived in the Dallas area, including both the Eastern and Northen Districts of Texas. The Government argues that the conspiracy was spread throughout the country, so Defendant's residence in Indiana should not be dispositive. Thus, the Court is of the opinion that this factor is neutral or weighs against transfer.

### *Location of Documents*

The Government points out that most of the docuemtns in this case are in the Eastern District of Texas, and Defendant does not contest this factor. Thus, this factor weighs against transfer.

### *Remaining Factors*

Counsel for Defendant is located in Plano, Texas, within the Eastern District of Texas. Counsel for the Government is located in this District. In addition, without regard to each district's docket conditions, a transfer to the Southern District of Indiana would undoubtedly result in further delay. This case is set for trial in September 2012. This district is an appropriate venue for these charges, and Defendant did not file a motion to dismiss for improper venue.

### *Conclusion*

Based on the factors at issue, the Court finds that there is no viable reason for transferring this case to the Southern District of Indiana, considering there is minimal inconvenience to Defendant, his witnesses, and attorneys, if any, by retaining the case in the Eastern District of Texas. Accordingly, the Court recommends that Defendant's motion be DENIED.

**MOTION TO SEVER**

Defendant asserts that his joinder in this case violates both Rule 8(b) and 14 and the due process clause of the Fifth Amendment to the United States Constitution. Specifically, Defendant asserts that he is also charged with Felon in Possession of a Firearm and that the fact that he was convicted of a felony would not be admissible against him as it relates to the other counts of the indictment. Defendant asserts that the admission of his prior felony will cause him prejudice.

Rule 8(a) permits the joinder of offenses that are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or part of a common scheme or plan. FED. R. CRIM. P. 8(a); *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006). Additionally, Rule 8(b) permits defendants to be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b).

"As a general rule, persons indicted together should be tried together, particularly when the offense is conspiracy." *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004) (citing *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)); *accord Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007) (citing *United States v. Rocha*, 916 F.2d 219, 227-28 (5th Cir. 1990)); *United States v. Valdez*, 453 F.3d 252, 261 (5th Cir.), *cert. denied*, 549 U.S. 976 (2006); *United States v. McGuire*, 608 F.2d 1028, 1031 (5th Cir. 1979), *cert. denied*, 444 U.S. 1092 (1980). "Joint trials 'play a vital role in the criminal justice system.'" *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Rule 14 of the Federal Rules of Criminal Procedure, however, provides that a trial court may order the severance of defendants "if the joinder of offenses or defendants in an indictment, an information, or a

consolidation for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a); *Zafiro*, 506 U.S. at 535, 538; *United States v. Kane*, 887 F.2d 568, 571 (5th Cir. 1989). Nevertheless, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39 (citing *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986)); *Opper v. United States*, 348 U.S. 84, 95 (1954); *accord United States v. Daniels*, 281 F.3d 168, 177 (5th Cir.), *cert. denied*, 535 U.S. 1105 (2002).

When considering a motion to sever, the district court "must balance the right of a defendant to a fair trial against the interests of judicial economy." *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979), *cert. denied*, 445 U.S. 966 (1980) (noting that the balancing process is within the discretion of the trial judge); *accord United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (citing *United States v. Lee*, 744 F.2d 1124, 1127 (5th Cir. 1984)); *United States v. Sudderth*, 681 F.2d 990, 996 (5th Cir. 1982)); *accord McGuire*, 608 F.2d at 1031. "Severance is proper 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir.), *cert. denied*, 552 U.S. 923 (2007) (quoting *Zafiro*, 506 U.S. at 539); *accord Nguyen*, 493 F.3d at 625; *United States v. Tarango*, 396 F.3d 666, 673-74 (5th Cir. 2005); *Daniels*, 281 F.3d at 177; *United States v. Causey*, 185 F.3d 407, 416 (5th Cir. 1999), *cert. denied*, 530 U.S. 1277 (2000). A defendant requesting severance bears "the difficult burden of proving that he will suffer the most compelling prejudice from continued joinder; a mere showing of some prejudice is insufficient." *Zicree*, 605 F.2d at 1388-89 (citing *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973), *cert. denied*, 417 U.S. 945 (1974)); *see also United States*

*v. Scott*, 795 F.2d 1245, 1250 (5th Cir. 1986).

The Government asserts that in this case, joinder is certainly proper, since Counts Five and Six, as well as a portion of Count One, charged in the First Superseding Indictment were based on the same transaction, the possession of the same firearm during the narcotics trafficking offense. The Government also argues that the possession of the firearm was directly connected to the common scheme and plan in this case. The Court agrees that joinder was proper.

The Government argues that Defendant has failed to meet his burden of demonstrating sufficient prejudice. The Government suggests that any prejudice which may result as a result of the admittance of the prior felony conviction may be minimized by a stipulation of the parties that the defendant was convicted of a felony offense, without mentioning the specific charge of conviction. The Court agrees that Defendant has failed to meet his burden of showing compelling prejudice or identifying a specific trial right that will be abridged. The admission of a prior felony is insufficient to show prejudice when the current charge relates to the other charges. *See United States v. Holloway*, 1 F.3d 307, 312 n.4 (5th Cir. 1993). Furthermore, considerations of judicial efficiency weigh heavily in favor of the Government and against severance.

### RECOMMENDATION

The Court recommends that Defendant's Motion for Change of Venue (Dkt. #299) and Motion to Sever Counts (Dkt. #300) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 7th day of August, 2012.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE